PER CURIAM.
This cause is before us on appeal of a final order of dissolution awarding the wife *713 $300 monthly rehabilitative alimony for one year and $250 attorney fees. The record reflects that the parties, both of whom have children from previous marriages, were married for approximately three months in 1985. The husband terminated the marriage due to difficulties with the wife’s children and his inability to provide for the new family while continuing to provide for his own children in the manner he was accustomed to. The wife, however, had been receiving $450 monthly alimony from her first husband, which was forfeited when she married the instant husband.[1] Although the husband knew this when the parties married, there is no dispute that he never agreed to compensate her for that loss if the marriage failed. The wife’s only assets are her $30,000 interest in the marital home and other personal property of limited value. The wife, who is still raising her children and served as a homemaker in the two marriages, has limited education and job skills and earns $50 a week working part-time as a crossing guard or in a fried chicken restaurant. The husband appeals the alimony and fees awards.
Appellant contends that the trial court’s order indicates it relied on her loss of prior alimony when making the instant rehabilitative award. We do not construe the order in that light. The record reflects that due to the failure of the instant marriage, the wife has been thrust back into the job market with few employable skills, little time to find a position, and no real ability to support herself. Under these facts, the trial court did not abuse its discretion by providing the wife with limited support for a limited period to enable her to seek employment under somewhat less catastrophic circumstances.
SMITH, C.J., and BOOTH and NIMMONS, JJ., concur.

. The alimony was scheduled to be reduced to $150 per month in September 1986, and ultimately would have ended when the mortgage on the wife's house was paid.